### In the Matter of Miguel R. HERNANDEZ.

### No. 2011–78–M.P.

Supreme Court of Rhode Island.

Nov. 15, 2011.

David D. Curtin.

Alberto Aponte Cardona.

#### ORDER

The above-noted attorney was suspended from the practice of law on March 8, 2011, for his failure to comply with an order of this Court directing him to file a response to two pending disciplinary complaints. On May 13, 2011, subsequent to filing an answer to those complaints, he filed a petition for reinstatement. On June 3, 2011, we denied his petition for reinstatement, without prejudice, and directed that he may not submit a new reinstatement petition for three months.

On October 3, 2011, he again filed for reinstatement. This Court's Disciplinary Counsel submitted a report and recommendation that the reinstatement be granted, subject to conditions. The petitioner appeared before this Court, with counsel, at its conference on November 9, 2011. Having heard the representations of the petitioner, his attorney, and Disciplinary Counsel, we deem that the petition should be granted. Accordingly, the petitioner, Miguel R. Hernandez, is hereby reinstated to the practice of law in this state, subject to the following conditions:

1. The petitioner's practice of law shall be monitored by Alberto Aponte Cardona, Esquire. Attorney Cardona shall submit monthly written reports to Disciplinary Counsel regarding his review of the petitioner's practice and his client and business accounts. The petitioner shall fully cooperate with Attorney Cordona and Disciplinary Counsel regarding the monitoring of his practice.

2. The petitioner shall remain in treatment with a physician for alcohol abuse until his physician determines that treatment is no longer necessary. The petitioner shall authorize his physician to provide periodic reports on his treatment to Disciplinary Counsel.

3. The petitioner shall continue to attend and participate in regular meetings of alcoholics anonymous and shall give written authorization for his sponsor to provide monthly written reports to Disciplinary Counsel regarding his attendance at and participation in substance-abuse counseling programs.

4. The conditions set forth in paragraphs 1, 2, and 3 above shall remain in effect for two years from the date of this order.